## T. J. Earnest v. The State.

No. 5238.  Decided October 13, 1920.

**1.—Abortion—Sufficiency of the Evidence.**

Where, upon trial of abortion the evidence was sufficient to sustain the conviction, there was no reversible error.

**2.—Same—Evidence—Circumstantial Evidence.**

Upon trial of abortion there was no error in permitting the prosecutrix to testify to the beginning of her interrupted menses four or five weeks after her treatment by the defendant the second time, to show that the cessation of such menstrual flow had been removed by the treatment of defendant.

**3.—Same—Evidence—Pregnancy—Fœtus.**

Upon trial of abortion, there was no error in refusing a peremptory instruction for acquittal on the ground that the State had not made out its case either as to the pregnancy of prosecutrix or the destruction of the fœtus by the defendant; these issues of fact, having been directly and pertinently submitted to the jury, and the jury having found against the defendant.

**4.—Same—Rules Stated—Pregnancy—Question of Fact.**

There are no established rules known to this court or set forth in the testimony in this case by which pregnancy may be determined in its earlier stages, and none by which we may satisfy ourselves that the State had not made out its case, and the court therefore properly submitted these issues of fact to the jury.

**5.—Same—Argument of Counsel—Invited Argument.**

Where, the argument of State's counsel was objected to and the record showed that the same had been invited by the defense and besides, was a proper inference from the facts, there was no reversible error.

**6.—Same—Requested Charges—Limitation of Argument.**

Where, the requested charges were fully covered by the main charge of the court, and the limitation placed upon the argument of the attorneys was not unreasonable, there was no reversible error.

Appeal from the District Court of Eastland. Tried below before the Honorable Joe Burkett.

Appeal from a conviction of abortion; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Scott & Brelsford,* for appellant.—On question of insufficiency of the evidence: Wandell v. State, 25 S. W. Rep., 27; Gay v. State, 42 Texas Crim. Rep., 450; Lovelady v. State, 14 Texas Crim. App., 545.

*E. A. Berry,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted of abortion in the District Court of Eastland County and sentenced to two years imprisonment, and appeals.

One Lillie Hirt became criminally intimate with G. C. Hammet in 1916, said intimacy continuing at intervals until the occurrences in

December, 1916, which form the basis of the charge made against this appellant. Prosecutrix testified that beginning about the last of July, 1916, such illicit intercourse with Hammet took place from once to twice a week, covering a period of about three months; that in November she missed her monthly sickness the first time since she was fourteen years old; that such sickness should have occurred about November 17th or 18th, and that when some days had passed she went to where Hammet was and "told him about it," and she says, "He went to see Dr. Earnest and took me there." She went with Hammet to Ranger where appellant practiced medicine, about December 22nd or 23, 1916, spent the night in a hotel with Hammet, and went with him to appellant's office the next day. She details at length what took place in said office, the process and instruments used by appellant, how appellant opened up her private parts with the metal instruments of a silver color, and the pain caused her by the operation, and the washing and packing used by appellant, etc. She speaks of the instruments he used as knives, scissors, spoons and a kind of cup, besides the washes and tablets. She was on the operating table for about an hour, and saw blood on the cotton used upon her private parts by appellant. She says practically the same treatment continued twice a day for five days thereafter. She also says that every time he treated her he told her she would soon be ready to go back home, and that on more than one occasion while treating her he told her that she had a baby started and he got it. After this five days treatment prosecutrix went home, appellant giving her some medicine and telling her to come back if she was not all right. About three weeks later she returned to Ranger and appellant took her to his home where she remained eight or ten days, being treated by appellant in a manner similar to his former treatments, using the same instruments, etc, and she states that during these treatments he told her what he was treating her for, and referred to the fact that she had a baby started but he had gotten it, and that she was going to be all right now, and would not have to come any more. She further says that about a month after being there the second time her monthly sickness began again and she had not missed it since. On cross-examination she stated that before she went to Ranger she missed her monthly periods twice, to-wit; in November and in December.

Appellant denied the testimony of prosecutrix in toto, as far as any treatment to destroy a foetus was concerned. He says prosecutrix was brought to his office by a man claiming to be her husband and going under the name of Johnson, for treatment for gonorrhea, and that he so treated her, and for nothing else.

The first assignment of error set up before this Court complains of the insufficiency of the evidence to support the verdict. If prosecutrix told the truth, she had been intimate for several months with a man before her menstruation stopped in November, 1916, and such

stoppage continued through December, and in December she was carried to appellant by her paramour for relief from this condition; she was treated by appellant for same, and was told by appellant that by his treatment he got the child which was started; about the natural time for same thereafter she resumed her menstruation, which continued without interruption down to the trial at the usual intervals. The jury are the judges of the credibility of the witnesses. They evidently believed her story in preference to that of appellant. This assignment of error is overruled.

The second contention of appellant is based on the fact that prosecutrix was permitted to testify to the beginning of her interrupted menses four or five weeks after her treatment by appellant the second time. Such fact if true would go far toward establishing a pertinent issue in this case, to-wit; that the cause for cessation of such menstrual flow had been removed by the treatment of appellant. It was proper for her to so testify, the truth thereof being for the jury.

It is also insisted that the court should have given the peremptory instruction for acquittal asked by appellant, because the State had not made out its case either as to pregnancy, or the destruction of the foetus by appellant. These two issues of fact were directly and pertinently submitted to the jury by the court, and the jury found against appellant thereupon. There are no established rules known to this court, or set forth in the testimony in this case, by which pregnancy may be determined in its earlier stages, and none by which we may satisfy ourselves that the State had not made out its case. The cessation of menstruation in a healthy young woman following frequent acts of intercourse with a man, coupled with the statement after examination by one whose profession makes him an expert, to the effect that a baby was started, would seem to make it reasonably certain that the jury was not without justification for their finding that prosecutrix was pregnant. The use of instruments and the other means employed by appellant, the pain and bloodshed, the assurance by him that he "got it," the resumption thereafter of the regular menses, would also seem to indicate that by the means used the end sought had been accomplished. It was not error to refuse this requested instruction.

Complaint is also made that the prosecuting attorney in his closing argument to the jury said: "G. C. Hammet made a trip to Ranger and arranged with Dr. Earnest for the operation." The court's qualification of this bill of exceptions shows that this argument was in reply legitimately, to that of the defense, but independent of that, the prosecutrix testified that Hammet told her that he went to see Dr. Earnest, and took her there. This would have justified the assumption that the purpose of the trip was to make arrangements for the operation. Mere inferences and deductions in argument are not error.

The charges asked by appellant were fully covered by the main charge of the court. There were a number of irregularities and minor contradictions in and to the testimony of the witness Lillie Hirt, but these are matters which are disposed of by the verdict of the jury. We do not think the limitation placed upon the arguments by the court was unreasonable or that he abused his discretion in this matter. The bill of exception states the introduction of the entire evidence consumed a little over four hours, and the time for argument allowed was an hour and a half to each side. We think this a fair allowance under the circumstances.

There being no error in the record the judgment of the trial court is affirmed.

*Affirmed.*

[Rehearing denied October 13, 1920.—Reporter.]